UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODERICK GRIFFIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6763** |
| **WALTER REED - DISTRICT ATTORNEY, ET AL.** | **SECTION: "R"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Roderick Griffin, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against District Attorney Walter Reed, Sheriff Rodney Strain, and Detective Fred A. Ohler. In this lawsuit, plaintiff complains that he has been wrongly arrested, detained, deprived of his property, and denied access to the courts.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[2] the Court finds that his complaint should be dismissed as

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.[3]

In his complaint, plaintiff alleges that he and Kari Nasiatka were arrested without a warrant on May 2, 2006, and charged with various state drug offenses. On that same date, defendant Ohler confiscated plaintiff's car after drugs were allegedly found therein. Plaintiff subsequently filed a motion in state district court for the return of his seized vehicle; however, that motion was denied as untimely on September 11, 2006. Plaintiff alleges that he was unable to file a timely claim because of his indigence and because defendant Strain failed to provide him with legal assistance. Plaintiff additionally claims that he was never served with notice of a forfeiture hearing. He further argues that the state has not proved that the automobile was used in the illegal transportation of drugs as alleged in the Notice of Pending Forfeiture dated May 2, 2006.

### False Arrest/False Imprisonment

To the extent that plaintiff is asserting claims for false arrest and false imprisonment, his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

---

[3] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief in this federal forum for the reasons set forth in this opinion.

> called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted). The Heck prohibition applies with equal force when the plaintiff is facing pending criminal charges if "a judgment in favor of plaintiff would necessarily imply the invalidity of a *subsequent* conviction or sentence." Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (emphasis added). Claims barred by Heck are legally frivolous. Id. at 102.

A federal judgment in plaintiff's favor on his claims of false arrest and false imprisonment would necessarily imply the invalidity of any subsequent state conviction on his underlying criminal charges. Therefore, Heck would bar such claims until such time as plaintiff obtains a favorable disposition on those charges. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (false arrest claims barred by Heck); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997) (false arrest and false imprisonment claims barred by Heck), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same).

### Forfeiture Claim

To the extent that plaintiff is asserting claims regarding the state forfeiture proceedings, those claims are likewise barred for the following reasons.

Plaintiff is apparently suing District Attorney Walter Reed with respect to the forfeiture claim.  If so, Reed is protected against such a claim by his absolute prosecutorial immunity.  <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1411-12 (3rd Cir. 1991) (finding that prosecutorial immunity extends to civil forfeiture proceedings); see also <u>Jude v. City of Ann Arbor, Michigan</u>, No. 95-1822, 1997 WL 73256, at *4-5 (6th Cir. Feb. 19, 1997) (same); <u>Louis v. Watkins</u>, No. 3:05-CV-1396-L, 2006 WL 2707429, at *4 (N.D. Tex. Sept. 21, 2006) (same).

Moreover, to the extent that plaintiff is naming or means to name anyone else with respect to the forfeiture claim, and means to challenge the result of the forfeiture proceeding, this Court would have no jurisdiction to consider that challenge.  The Louisiana Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, as amended, sets forth a detailed procedure for the seizure and forfeiture of property used in or derived from illegal drug activities.  La.Rev.Stat.Ann. § 40:2601 *et seq.*  From plaintiff's complaint, it is apparent that his property was seized and forfeited pursuant to those provisions in the state court proceedings.  Plaintiff now essentially seeks to challenge the result of those state court proceedings in this federal forum by arguing that his property was wrongly seized and forfeited.  However, the <u>Rooker/Feldman</u>[4] doctrine prevents this Court from considering plaintiff's claims.

The United States Fifth Circuit Court of Appeals has noted:

> The <u>Rooker/Feldman</u> doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on judgments.  A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief.  If the district

---

[4] See <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

> court is confronted with issues that are inextricably intertwined with a state judgment, the court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review.

United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994) (footnotes and internal quotation marks omitted). The Rooker/Feldman doctrine applies to federal challenges to state forfeiture proceedings. See, e.g., Joseph v. Holiday, No. 00-51060 (5th Cir. June 13, 2001) (unpublished); Hunter v. City of Houston, No. 96-20324, 1996 WL 661253 (5th Cir. Oct. 23, 1996) (unpublished); Pine v. Brumfield, No. 96-40022 (5th Cir. Aug. 26, 1996) (unpublished); see also Robinson v. Winslow, No. 02-3577, 2004 WL 78048, at *3 (7th Cir. Dec. 18, 2003) (unpublished); James v. Draper (*In re* James), 940 F.2d 46, 53 (3rd Cir. 1991). Therefore, this Court lacks jurisdiction to entertain plaintiff's claims challenging the vehicle forfeiture.

## Bounds Claim

Citing Bounds v. Smith, 430 U.S. 817 (1977), plaintiff also claims that his rights were violated by Sheriff Strain's failure to provide him with legal assistance in connection with the forfeiture proceedings. It is clear that inmates have a constitutional right to meaningful access to the courts. Id. at 828. However, that right is not absolute; rather, as the United States Supreme Court has noted:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original). Accordingly, the right encompasses only the access to law libraries or assistance from legally trained personnel necessary to file nonfrivolous legal claims challenging the inmates' *convictions or conditions of confinement*. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). In that plaintiff's forfeiture proceedings concerned neither a conviction nor the conditions of his confinement, his access-to-courts claim necessarily fails. Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998).

### State Law Claims

To the extent that plaintiff is attempting to assert pendent state law claims, the Court should decline to exercise supplemental jurisdiction over such state law claims if all of the federal claims are dismissed. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [pendent] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's false arrest and false imprisonment claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's claim against District Attorney Walter Reed be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's claims challenging the state forfeiture proceedings be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as barred by the Rooker/Feldman doctrine.

It is **FURTHER RECOMMENDED** that plaintiff's access-to-courts claim be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of November, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**